## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **Mr. Clarence Peoples** | : |
| **222 Wayne Place SE  # 202** | |
| **Washington, DC  20032** | : |
| | |
| **And** | : |
| | |
| **Mr. Hallad Little** | : |
| **1603 Migsby Ct** | |
| **Upper Marlboro, MD  20774** | :        **CASE NO: No:_____** |
| | |
| v. | : |
| | |
| **John E. Potter** | :         **JURY DEMAND** |
| **United States Postmaster General** | |
| **475 L'Enfant Plaza SW** | : |
| **Washington DC 20260-0010** | |
| | : |
| **And** | : |
| | |
| **Alexander Lazaroff** | : |
| **Chief Postal Inspector** | |
| **United States Postal Inspection Service** | : |
| **475 L'Enfant Plaza SW** | |
| **Washington DC 20260-0010** | : |

_____

### COMPLAINT

**COMES NOW THE PLAINTIFFS** Clarence People and Hallad Little, by and

through his counsel, James Quincy Butler, Esq, of the Butler Legal Group, P.L.L.P., in

Washington, D.C. and sues the Defendant(s) named supra and infra, and in support of

their complaint hereby states as follows:

### <u>JURISDICTION</u>

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as

amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. Section 2000e(5).

Equitable and other relief are also sought under 42 U.S.C. 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. Sections 1331, 1343 and 42U.S.C. Sections 1981 et seq. Where employment discrimination is based upon age is alleged, jurisdiction is conferred by 29 U.S.C. Sections 626(c) (1) and 626(e) and appropriate relief is also sought.

## PARTIES

Plaintiff Mr. Clarence People, was at all times referenced herein a Postal Police Officer, employed by defendant United States Postal Service and supervised by defendant United States Postal Inspection Service. The acts complained of herein occurred in Washington D.C. within the jurisdiction of this court. Mr. People, is a citizen of the United States, employed within this district and resides in the District of Columbia.

Plaintiff Mr. Hallad Little, was at all times referenced herein a Postal Police Officer, employed by defendant United States Postal Service and supervised by defendant United States Postal Inspection Service. The acts complained of herein occurred in Washington D.C. within the jurisdiction of this court. Mr. Little, is a citizen of the United States, employed within this district and resides in the State of Maryland.

Defendant, John E. Potter is the United States Postmaster General and his office is Located within this district and is the head of the United States Postal Service.

Defendant, Alexander Lazaroff is the Chief Postal Inspector and his office is Located within this district and Mr. Lazaroff is the head of the United States Postal Inspection Service.

2

**EXHAUSTION OF REMEDY**

Mr. People and Mr. Little have filed a complaint with the Equal Employment Opportunity Office of the United States Postal Service. They have exhausted all administrative remedy required. They permitted to file this complaint as evidence by the attached exhibit a as they are within the 90 day time frame.

Mr. People has exhausted all administrative remedy required and Mr. People filed a formal complaint with the United States Postal Service on November 16, 2006, and on December 4, 2006, the agency issued a Final Agency Decision.  The Final Agency Decision was appealed before the Equal Employment Opportunity Commission, Office of Federal Operations and the Equal Employment Opportunity Commission issued a final agency decision on March 7, 2007.

For Mr. Little notes for the record that he has further attempted to exhaust remedy and the postal service claims to have never received same even though he has proof of mailing and receipt. In any event further exhaustion is not required base upon exhibit "1" attached.

**CAUSE OF ACTION**

The parties allege that the defendant(s) have discriminated against the parties and that the following facts form the basis for their allegations.

The Postal Police are the first responders to Postal Service emergencies, such as robbery, assault, and any unrest. During the hours of 6 pm to 6 am there is only one Postal Inspector on Duty and he is at home.

The Postal Police Officer responding retrieves the information, and then relays it

to the Duty Inspector who then makes the decision whether to respond or to handle the situation in the morning.

Both Mr. People and Mr. Little have responded to emergency calls regarding packages at private residents contrary to any authority. In one instance Mr. Little was dispatched to respond to a residential area in Mitchellville Maryland in reference to an area resident finding several pieces of mail in a wooded area near his home. According to IS 702 this response was not within his jurisdiction as a Postal Police Officer. Mr. Little was directed and ordered to perform the duties of Police Officers in violation of the SI-701 & 702.

In a separate instance, Mr. People was dispatched to respond to retrieve a vehicle containing hazardous gas from the beltway to act as the police escort to allow the hazardous gas into the District of Columbia. According to IS 702 this response was not within his jurisdiction as a Postal Police Officer. Mr. People was directed and ordered to perform the duties of Police Officers in violation of the SI-2701 & 702.

Postal Police and Postal Inspectors work for the same Organization and sometimes perform the same tasks. However, Inspectors are considered Law Enforcements Officers and are given hazard pay.

The Postal Police are considered security guards and are not eligible for the hazard pay.

The U.S. Postal Inspection Service has no problem with forcing the Postal Police to respond to and performing the same tasks as the Inspectors. It only becomes a problem when Postal Police request to be compensated for hazard duty.

This type of discrimination is part of a common pattern and practice which

includes a recurring set of operative facts which is ongoing. As an example, during the anthrax attack on the Brentwood Facility, officers of the U.S. Postal Service declared this an emergency so the building was evacuated. The only people left at the Brentwood facility for two and a half years were various Postal Inspectors and Postal Police who were assigned to protect the facility.

Also, remaining at the facility were the contractors who were assigned to clean up the building. The Postal Inspectors and Contractors were paid hazard pay. The Postal Police were not given hazard duty pay.

The parties are of the opinion these acts were part of a discriminatory pattern of events which took place from my start date throughout their entire tenure as postal police officers.

## INJURY

Based upon the series of event set forth supra the parties were denied equal pay for equal work, contrary to law, and the actions of the defendants were discriminatory, and they are entitled to relief. Additionally, the defendants hindered and obstructed justice by claiming to have lost Mr. Little's further administrative remedy application as part of a discriminatory policy to obstruct the lawful processing of claims by minority employees.

Mr. Little's complaint is part of a group of 11 minority postal police officers utilizing the same law firm for this action. Mr. Little find it curious that the 10 other plaintiffs remedy applications were acknowledged, but his mysteriously disappeared.

## PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

Except for the remedies described supra the parties have not filed any other

lawsuits in this matter.

## JURY DEMAND

Trial by jury is requested in this matter, with costs and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray they be awarded compensatory, and exemplary relief requiring Defendants to:

A.) Pay to Plaintiffs the damages proximately resulting from Defendants' unlawful conduct and violations of legal or contractual and/or constitutional rights, including but not limited to back pay, benefits, and other appropriate relief, together with costs, including reasonable attorneys' fees.

B.)    Such other and further relief as to this Honorable Court may appear to be just and proper.

The foregoing has been signed and dated this 14th day of May, 2007.


By: __/s/James Q. Butler__ ____
James Q. Butler, Esq. #490014
Butler Law Firm
818 18th Street, Ste. 1010
Washington, D.C. 20006
Telephone: (202) 223-6767

EEO ADR PROGRAM ANALYST EEO
FIELD OPERATIONS





~   UNITED      ST/JTES
    POST/JL SERVICE

May 7, 2007

James Q. Butler, Esq                    Priority Mail Delivery Confirmation
818 18th Street N.W., Suite 1010        0306 3030 0002 3234 6412
Washington;' DC 20006-3509

Dear Mr. Butler:

This letter is in response to your correspondence to Sheila Edmunds, EEO Services
Analyst, concerning the status of the Notice of Right to File previously issued to you and
your client, Hallad E. Little, on February 15, 2007.

Enclosed please find copies of the correspondence sent to you via priority mail delivery
confirmation (0306 3030 0000 0442 7127) on February 15, 2007. Included in the
correspondence was PS Forms 2579-A Notice of Right to File an Individual Complaint
and PS Form 2565, EEO Complaint of Discrimination in the Postal Service. Records
indicate that these documents were received at your office on February 20, 2007.

In order to be timely your formal complaint would have had to have been postmarked by
March 7, 2007. Please note that this letter does not waive or toll the time limits for filing a
formal complaint.

Sincerely,

<[;4~ :/ ~ ;;;-:::~
/,.:; /~/ - L- .. -'--:>

William C. Coutu


Enclosures: PS 2579-A
            PS 2565

cc:    Hallad E. Little
       Sheila Edmunds


24 CORLISS STREET
PROVIDENCE, RI 02904-9411
(401) 276-6963

%₂JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplementthe tiling and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| Mr. Clarence Peoples & Mr. Hallad Little | John E. Potter & Alexander Lazaroff |

| (b)  CWII1ty of Residence of First Listed PlaintitT     District of Columbia | County of Residence of First Listed Defendant     District of Columbia |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Finn Name. Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| James Q. Buiter, Esq. 818 18th St. N.W Suite 1010 Washington 20006 202-223-6767 (phone) | |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

O 1  U.S. Government PlaintitT

O 3  Federal Question
(U.S. Government Not a Palty)

O  U.S. Government Defendant

O 4  Diversity
(Indicate Citizenship of Parties in Item III)

## 1111. CITIZENSHIP OF PRINCIPAL P ARTIES(Place an -'X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | O 1 | O 1 | Incorporated or Principal Place of Business In This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business In Another State | O 5 | !J |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | -, 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| O 110 Insurance<br>O 120 Marine<br>O 130 Miller Act<br>CJ 140 Negotiable Instrument<br>:J 150 R(:covery of Overpayment & Enforcement of Judgment<br>O 151 Medicare Act<br>O 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>O 153 Recovery of Overpayment of Veteran's Benefits<br>CJ 160 Stockholders' Suits<br>- 11\l) Other Contract<br>l11l\ Contract Product Liability<br>. l9,\ Franchi:c | **PERSONAL INJURY**<br>O 310 Airplane<br>O 315 Airplane Product Liability<br>O 320 Assault, Libel & Slander<br>O 330 Federal Employers' Liability<br>O 340 Marine<br>O 345 Marine Product Liability<br>O 350 Motor Vehicle<br>O 355 Motor Vehicle Product Liability<br>O 360 Other Personal Injury | **PERSONAL INJURY**<br>O 362 Personal Injury - Med. Malpractice<br>O 365 Personal Injury - Product Liability<br>O 368 Asbestos Personal Inj ury Product Liability<br>**PERSONAL PROPERTY**<br>O 370 Other Fraud<br>O 371 Truth in Lending<br>O 380 Other Personal Property Damage<br>O 385 Property Damage Product Liability | O 610 Agriculture<br>O 620 Other Food & Drug<br>O 625 Drug Related Seizure of Pro petty 21 USC 881<br>O 630 Liquor Laws<br>O 640 R.R. & Truck<br>O 650 Airline Regs.<br>O 660 Occupational Safety/Health<br>O 690 Other<br>**LABOR**<br>O 710 Fair Labor Standards Act<br>O 720 LaborlMgmt. Relations<br>O 730 Labor/Mgmt.Reporting & Disclosure Act<br>O 740 Railway Labor Act<br>O 790 Other Labor Litigation<br>O 791 Empl. Ret. Inc. Security Act | O 422 Appeal 28 USC 158<br>O 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>O 820 Copyrights<br>O 830 Patent<br>O 840 Trademark<br>**SOCIAL SECURITY**<br>O 861 HIA (1395fl)<br>O 862 Black Lung (923)<br>O 863 DIWC/DIWW (405(g))<br>O 864 ccm Title XVI<br>O 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>O 870 Taxes (U.S. Plaintiff or Defendant)<br>0871 IRS-Third Party 26 USC 7609 | O 400 State Reapportionment<br>O 410 Antitrust<br>O 430 Banks and Banking<br>O 450 Commerce<br>O 460 Deportation<br>O 470 Racketeer Influenced and Conupt Organizations<br>O 480 Consumer Credit<br>O 490 Cable/Sat TV<br>O 810 Selective Service<br>O 850 Securities/Commodities/ Exchange<br>O 875 Customer Challenge 12 USC 3410<br>O 890 Other Statutory Actions<br>O 891 Agricultural Acts<br>O 892 Economic Stabilization Act<br>O 893 Environmental Matters<br>O 894 Energy Allocation Act<br>O 895 Freedom of Information Act<br>O 900Appeal of Fee Determination Under Equal Acces~ to Justice<br>O 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| O 210 Land Condemnation<br>O 220 Foreclosure<br>"l 230 Rent L~ase & Ejectment<br>O 240 Tort~ to Land<br>O 245 Tort Product Liability<br>O 290 All Other Real Property | O 441 Voting<br>O 442 Employment<br>O 443 Housing/ Accommodations<br>O 444 Welfare<br>O 445 Amer. wlDisabilities- Employment<br>O 446 Amer. w/Disabilities ~ Other<br>O 440 Other Civil Rights | O 5 1 0 Motions to Vacate Sentence<br>Habeas Corpus:<br>O 530 General<br>O 535 Death Penalty<br>O 540 Mandamus & Other<br>O 550 Civil Rights<br>O 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

1\lJ1  Original Proceedin

O 2  Removed from State Court

O 3  Remanded from Appellate COUlt

O 4  Reinstated or Reopened

O 5  Transferred from another district (specify)

O 6  Multidistrict Litigation

O 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

;B---f-d-------f--------------------------------------------
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Please see attached complant
lle escnptlOn 0 cause.
Please see attached complaint

| VII. REQUESTED IN COMPLAINT: | o CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND: O Yes O No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions):   JUDGE | DOCKET NUMBER |
|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| | James Q. Smith, Esq. |

**FOR OFFICE USE ONLY**

| RECEIPT | AMOUNT | APPL YING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|