UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CLARENCE PEOPLES, ET AL., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0903 (RJL) |
| | ) | |
| JOHN E. POTTER, ET AL., | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**MOTION FOR RECONSIDERATION AND CHALLENGE TO DEFENDANT'S
MOTION THAT SERVICE WAS IMPROPERLY SERVED**

**I.      MOTION FOR RECONSIDERATION**

**A.      BACKGROUND**

Plaintiff, Clarence Peoples filed a civil action against the defendants, John E.

Potter, United States Postmaster General, and Alexander Lazaraoff, Chief Postal

Inspector, seeking damages and other relief for employment discrimination pursuant to

Title VII of the Civil Rights Act of 1964.  Defendants challenged the method of service

pursuant to Federal Rule of Civil Procedure 4(m).  Plaintiffs failed to respond to

defendants' challenge to notice of service within 11 days as required by Federal Rule of

Civil Procedure 4(m).  As such, this Court determined that plaintiffs conceded the

defendants' challenge of proper notice and dismissed the case without prejudice on May

22, 2008.

**B.      ARGUMENT FOR RECONSIDERATION**

Pursuant to Federal Rule of Civil Procedure 60(b) "on motion and just terms the

court  may relieve a party or its legal representative from a final judgment, order, or

proceeding for…mistake, inadvertence, surprise, or excusable right." Fed. R. Civ. P.

60(b)(1).  The moving party has "no more than a year after the entry of the judgment or

order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(2); *see also,* United States v.

Harper 182 F.3d 910 (1999).  However, "'over the years court[s] ha[ve] taken an

increasingly liberal view of Rule 60(b)' where default judgments are at issue."  *Point*

*P.C.S., L.L.P. v. Sea Haven Realty and Construction,* 95 Fed.Appx. 24, 27 (4th Cir. 2004)

(quoting *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997)).  Furthermore,

when a party is "blameless, his attorney's negligence qualifies as a 'mistake' or as

'excusable neglect' under Rule 60(b)(1)." *Point P.C.S., L.L.P.* 95 Fed.Appx. at 27.

Involuntary dismissal is an especially harsh outcome, and as such the plaintiffs challenge

the dismissal.

　　　　In the instant case, this firm admits that it neglected to file a responsive motion to

defendants' challenge of service.  This firm was undergoing a staffing adjustment of

attorneys, paralegals, and law clerks.  Due to this staffing realignment the defendants'

challenge of service was overlooked.  We absolutely regret and apologize for this

oversight and we can assure this Court and opposing counsel that such an omission will

not occur in the future.  In no way were the individual parties responsible for this error in

responsive pleading.  As such, this firm respectfully requests that this Court treat the

failure to file a responsive motion as excusable neglect and quash the dismissal without

prejudice.

**II.    CHALLENGE TO SERVICE OF PROCESS**

　　　　The defendant has challenged the plaintiff's service of the summons and

complaint.  Federal Rule of Civil Procedure 4(i)(1)(A), (i) "a copy of the summons and of

the complaint to the United States attorney for the district where the action is brought —

or to an assistant United States attorney or clerical employee whom the United States

attorney designates in a writing filed with the court clerk." Fed. R. Civ. P 4(i)(1)(A)(i).

**A.      FACTS**

On or about May 14, 2007 a copy of the summons and complaint was delivered

by Karen A. Abbott, investigator.  Ms. Abbott delivered copies of the complaint and

summons to the United States Department of Justice with an address of 950 Pennsylvania

Avenue, Washington, D.C., 20530.  An individual, with the name Javana Cash signed the

"return of service" form.  Ms. Abbott also signed under penalty of perjury that a copy of

the summons and the complaint were served upon the defendant personally.  Please see

"exhibit A" which is a copy of the return of service form as described in this paragraph.

Moreover, on or about December 19, 2007 a copy of summons and the complaint

was delivered by Karen A. Abbott, investigator.  Ms. Abbott personally delivered copies

of the complaint and the summons to 475 L'Enfant Plaza, S.W., Washington, D.C.,

20260 at the defendant's house or usual place of abode with a person of suitable age and

discretion residing therein.  Moreover, there is a signature on the "return of service" form

that indicates that an individual at the defendant's usual place of abode received the

complaint and summons. Ms. Abbott also signed under penalty of perjury that a copy of

the summons and the complaint were served upon the defendant's dwelling house or

usual place of abode.  Please see "exhibit B" which is copy of the return of service form

as described in this paragraph.

**B.      ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 4(i)(1)(A)(i), the plaintiff must

deliver "a copy of the summons and of the complaint to the United States attorney for the

district where the action is brought — or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk." Fed. R. Civ. P. 4(i)(1)(A)(i).  Moreover, Federal Rule of Civil Procedure 4(i)(2) stipulates, "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).

   Furthermore, in the instant case, a copy of the summons and the compliant was served upon the United States Department of Justice.  The copy of the summons and complaint was received by Javana Cash, an individual at the defendant's principal operating office in Washington D.C.  In the instant case, the case is before the U.S. District Court for the District of Washington D.C.  The United States Department of Justice located in Washington D.C. handles cases which arise within Washington D.C. Therefore, service of process was appropriate.

   Moreover, in the instant case, a copy of the summons and the complaint were both delivered to the defendant's usual place of abode or dwelling. Furthermore, an individual at that dwelling signed the "return of service" form.  This service upon the defendant's place of usual place of abode or dwelling was done in response to the defendant's challenge to proper service.  Since the plaintiff served both the United States Department of Justice and left a copy of the summons and complaint at the defendant's usual place of abode or dwelling, the plaintiffs contend that service was property executed.  Therefore, because service was properly executed, defendant's motion to challenge service should be dismissed.

Respectfully Submitted,


_____/s/_____
James Butler, Esq.
Attorney for Plaintiff
Butler Legal Group P.L.L.P
818 18th St., N.W.
Washington, D.C.
Phone: 202-223-6767
Fax: 202-223-3039

## Certificate of Service

I hereby certify that, on this 28th day of July, 2008 a copy of the foregoing was ECF to the Clerk of the Court, States District Court for the District of Columbia, 33 Constitution Ave, N.W., Washington D.C., 20001 and to opposing counsel Judith A. Kidwell.

Judith A. Kidwell, Esq.
U.S. Attorney's Office
555 Fourth Street, NW
Room 4818
Washington, DC 20530
(202) 514-7250
Fax: (202) 307-2304
Email: judith.a.kidwell@usdoj.gov


/s/ James Q. Butler
James Q. Butler
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CLARENCE PEOPLES, ET AL., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0903 (RJL) |
| | ) | |
| JOHN E. POTTER, ET AL., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

### ORDER

**UPON CONSIDERATION** of plaintiff Clarence People's Motion for

Reconsideration for dismissal without prejudice in Opposition to Defendant's Motion for

dismissal, it is by the United States District Court for the District of Columbia, this _____

day of _____, 2008.

**ORDERED,** that the Motion be, and hereby is **GRANTED**.


_____
RICHARD J. LEON
United States District Judge

# Exhibit A

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

*Clarence People*
*and*
*Harold Little*

v.

*John E. Potter*
*United States Postmaster General*
*et al*

**SUMMONS IN A CIVIL CASE**

C    Case: 1:07-cv-00903
Assigned To : Leon, Richard J.
Assign. Date : 5/14/2007
Description: Employ Discrim.

TO: (Name and address of Defendant)

U.S. ATTORNEY GENERAL
D.O.J.
950 PENNSYLVANIA AVE. NW
WASHINGTON, D.C. 20530

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

*James Q. Butler, Esq*
*Butler Legal Group PLLP*
*818 18th St, NW, Suite 1010*
*Washington DC 20006*

an answer to the complaint which is served on you with this summons, within _____60_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON

CLERK

MAY 1 4 2007

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 9/17/07 |
| NAME OF SERVER *(PRINT)* Karen A. Abbott | TITLE Investigator |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served:

U.S. Dept. of Justice, 950-PA. Ave, NW, DC

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: *Javma Cash*

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___9/17/07___          *Karen A. Abbott*
              Date                    Signature of Server

                    929-Hamilton St. N.W.
                    Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# Exhibit B

189C

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Mr. Clarence Peoples
      and

Mr. Hallad Little
                          V.

**SUMMONS IN A CIVIL CASE**

John E. Potter
US Postmaster General
        and
Alexander Lazaroff
Chief Postal Inspection Service

CASE NUMBER: 07-903, RJL

TO: (Name and address of Defendant)

John E. Potter
U.S. Postmaster General
475 L'Enfant Plaza SW
Washington, DC 20260

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

James Q. Butler, Esq.
Butler Legal Group
818-18th St., N.W. - 6th Floor
Washington, DC 20006

an answer to the complaint which is served on you with this summons, within _____60_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON

DEC 19 2007

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 12/21/07 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| Karen A. Abbott | Investigator |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _Marie C. M____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   12/21/07
              _____        _____
                   Date              Signature of Server

                                  929 Hamilton St. N.W. DC.
                                  _____
                                     Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.