UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CLARENCE PEOPLES,** *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 07-0903 (RJL) |
| **JOHN E. POTTER,** *et al.* | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
AND IN RESPONSE TO PLAINTIFFS' CHALLENGE TO DEFENDANTS'
MOTION THAT SERVICE WAS IMPROPER**

**Preliminary Statement**

More than two months after the Court dismissed this action, Plaintiffs now seek to have the Court reconsider the dismissal of this case pursuant to Fed. R. Civ. P. 60(b)(1). The Court granted Defendants' motion to dismiss and dismissed this case without prejudice on May 22, 2008, because of Plaintiff's failure to effect timely and proper service on Defendants.

Plaintiffs contend that is was the fault of their counsel for not responding to Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 4(m), 12(b)(2) and 12(b)(5). Furthermore, Plaintiffs argue that they properly served Defendants in this action. However, as discussed below, Plaintiffs' have not provided a sufficient basis for a motion to reconsider under Fed. R. Civ. P. 60(b)(1). They have submitted no declarations to support their assertions that it was the negligence of their counsel that caused them to fail to respond to Defendants' motion to dismiss. Moreover, Plaintiffs' argument that they properly served the U.S. Attorney in this case by serving

the U.S. Department of Justice is contrary to established law. Plaintiffs' motion for reconsideration should, therefore, be denied.

## I. PROCEDURAL BACKGROUND

Plaintiffs filed their action on May 14, 2007. Docket No. 1. On September 28, 2007, the Court issued an Order to Show Cause to Plaintiffs for failure to provide proof of service. Docket No. 3. On October 9, 2007, Plaintiffs filed a response and advised the Court that two Defendants had been served in a timely fashion. Docket No. 4. On November 28, 2007, the Court issued a second Order to Show Cause to Plaintiffs, because it did not appear from the record that proof of service had been made to the Court. Docket No. 5. The Court ordered Plaintiffs to provide proof of service to the Court within thirty days of the date of the Court's Order. Docket No. 5. In response, Plaintiffs provided proof of service only with respect to one Defendant. Docket No. 6.

On February 19, 2008, Defendants filed a motion to dismiss Plaintiffs' complaint, pursuant to Fed. R. Civ. P. 4(m), for failure to effect proper service on the U.S. Attorney. Docket No. 7. Plaintiffs failed to respond to Defendants' motion to dismiss, and on May 23, 2008, this Court dismissed Plaintiffs' action. Docket Nos. 10, 11. On July 28, 2008, Plaintiffs filed a motion to reconsider the dismissal of their complaint pursuant to Fed. R. Civ. P. 60(b)(1). Docket No. 12.

## II. ARGUMENT

**A. The Court's Order Dismissing This Action Should Not Be Reconsidered**

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides that a Court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." However, Plaintiffs have failed to meet any of these criteria.

Plaintiffs argue that the Court's Order dated May 22, 2008, should be reconsidered because "[I]nvoluntary dismissal is an especially harsh outcome." [1] Plaintiffs' Motion to Reconsider at 2. Plaintiffs assert that because the law firm they retained to represent them in this matter was undergoing "staffing adjustments," the law firm neglected to file a responsive pleading to Defendants' motion to dismiss. *Id*. However, Plaintiffs have submitted no declarations or evidence in support for these assertions of excusable neglect. Furthermore, to the extent that their counsel's neglect may have caused the failure to respond to Defendants' motion to dismiss, parties are generally considered bound by the acts of their lawyers, whom they have voluntarily chosen to represent them. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 396-97 (1993); *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962). What is more, "[P]arties have an obligation to monitor the court's docket and keep apprised of relevant deadlines." *Halmon v. Jones Lang Wootton USA*, 355 F.Supp.2d 239, 244 (D.D.C. 2005) (citing *Fox v. American Airlines*, 389 F.3d 1291, 1293 (D.C. Cir. 2004)) . In addition, as discussed in section C., *infra*, Plaintiffs have yet to effect proper service on the U.S. Attorney's

---

[1] Plaintiffs' argument that courts have taken an increasingly liberal view under Fed. R. Civ. P. 60(b)(1) where default judgments are at issue is inapplicable, because the Court did not enter a default judgment in this case.

Office or file proof of service on two of the Defendants.[2] *See Murray v. District of Columbia*, 52 F.3d 353, 355 (1995) ("It has long been established that as a precondition to relief under 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture."). Thus, Plaintiffs have failed to make a showing of excusable neglect and accordingly, their motion for reconsideration should be denied.

### C. **Plaintiffs Concede That They Failed to Serve the United States Attorney**

Plaintiffs assert that they served a copy of the complaint and summons at the United States Department of Justice, 950 Pennsylvania Avenue, Washington, D.C. 20530. Plaintiffs' Motion to Reconsider at 3, 4. They contend that "[T]he United States Department of Justice located in Washington, D.C., handles cases which arise within Washington, D.C.," and thus, "service of process was appropriate." *Id*. at 4.

However, Plaintiffs fail to recognize that service of process on the Attorney General of the United States at the United States Department of Justice and service of process on the U.S. Attorney's office are not the same. Simply put, they have ignored the service requirements under Fed. R. Civ. P. 4(i), which provide that service upon the United States must be effected by:

> deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or [by] send[ing] a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

Fed. R. Civ. P. (4)(i)(1)(A).[3] Pursuant to Fed. R. Civ. P. 4(m), a defendant must be properly

---

[2] Despite two show cause orders, the Docket Report for this case shows only one return of service. Docket No. 6.

[3] It is unclear how counsel for Plaintiffs can make this argument in light of the fact that the Court issued two show cause orders for failure to effect proper service in this case.

served with the summons and complaint within 120 days of the filing of the complaint. Plaintiffs have had more than fourteen months since the filing of their complaint and yet, despite two show cause orders and a dismissal, they have failed to effect proper service on the U.S. Attorney. Accordingly, Plaintiffs' motion for reconsideration should be denied.

### Conclusion

WHEREFORE, for the reasons stated above, Plaintiffs' motion for reconsideration should be denied.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

---

Moreover, Defendants pointed out the requirements to serve both the Attorney General and the U.S. Attorney's office in their motion to dismiss Plaintiffs' complaint.